Filed 1/28/21  P. v. Tidwell CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058924 |
| v. | (Super. Ct. No. FMB006847) |
| JOSEPH ALLEN TIDWELL, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of San Bernardino County, Bryan Foster, Judge.  Affirmed.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Under Penal Code section 1170.95, an accomplice to the crime of murder may petition a trial court to have a prior conviction vacated.[1] The petitioner may be eligible for relief if he or she was convicted of murder under the natural and probable consequences doctrine, or the former felony-murder rule, and the accomplice could no longer be found vicariously liable due to recent statutory changes. (§§ 188, 189.)

In 2004, defendant Joseph Allen Tidwell drove into oncoming traffic and collided with another vehicle killing two of its occupants. A jury convicted Tidwell of several crimes including two counts of gross vehicular manslaughter while intoxicated and two counts of second degree implied malice murder (commonly known as a "*Watson* murder"). (See *People v. Watson* (1981) 30 Cal.3d 290 (*Watson*).)

Tidwell recently filed a section 1170.95 petition, which was denied by the trial court. Tidwell appeals from that ruling. Because Tidwell was the actual killer and not an accomplice, we affirm the ruling of the trial court.

I

PROCEDURAL BACKGROUND

In 2006, the prosecution filed an information charging Tidwell with two counts of murder, two counts of gross vehicular manslaughter while intoxicated, and various other crimes and enhancements. A jury convicted Tidwell of all the charged crimes and found true the enhancements. The court sentenced Tidwell to a determinate prison term of 15 years, eight months, followed by two consecutive indeterminate terms of 15 years to life.

In 2019, Tidwell filed a section 1170.95 petition. On the form petition, Tidwell checked boxes stating: "At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine;"

---

[1] Further undesignated statutory references are to the Penal Code.

2

and "I could not now be convicted of 1st or 2nd degree murder because of changes to Penal Code §§ 188 and 189, effective January 1, 2019."

In 2020, the trial court took judicial notice of Tidwell's record of conviction, and filed an order denying the section 1170.95 petition. As to the felony-murder rule, the court stated Tidwell "drove the vehicle that caused the fatal collision and the deaths of two victims and no other person was charged with or otherwise implicated in the offense charged." As to the natural and probable consequences doctrine, the court stated Tidwell "was not prosecuted on the basis that the murder was a natural and probable consequence of a lesser offense that he aided and abetted."

II

DISCUSSION

With the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4), the Legislature reduced the scope of the felony-murder rule and eliminated vicarious liability for murder under the natural and probable consequences doctrine. Generally, liability for murder now requires that the defendant: 1) was the actual killer; 2) was a direct aider and abettor who acted with the intent to kill; or 3) "was a major participant in an underlying felony and acted with reckless indifference to human life." (See §§ 188, 189.)

Section 1170.95, subdivision (a), permits an accomplice convicted of murder to petition the court to vacate the murder conviction and be resentenced on any remaining counts if the person could no longer be convicted of murder under sections 188 and 189 as amended by Senate Bill No. 1437. A petition for relief must include: "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).)

3

If the petition contains the required information, the court must "review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) If the petitioner has made this initial showing, then the court must appoint counsel if the petitioner has requested counsel. (§ 1170.95, subd. (c).) The prosecutor must file a response, and the petitioner may file a reply. (§ 1170.95, subd. (c).)

Here, when the trial court considered the record of conviction there was no doubt that Tidwell—as the actual killer of two victims—was ineligible for relief under section 1170.95. Thus, the court properly found that Tidwell did not establish a prima facie basis for relief and we affirm the court's summary denial of the petition.

Tidwell argues on appeal: "Malice is imputed in a *Watson* murder and that is no longer allowed under Penal Code section 188 (a)(3), therefore, the court erred in denying appellant relief." (Capitalization omitted.) Tidwell is mistaken.

If a person drives while intoxicated, is aware of the risk to life, consciously disregards that risk—and as a result kills someone—then the driver can be convicted of murder under an implied malice theory (a "*Watson* murder"). (*Watson*, *supra*, 30 Cal.3d at pp. 300-301 ["these facts reasonably and readily support a conclusion that defendant acted wantonly and with a conscious disregard for human life"].)

As amended, section 188, subdivision (a), states in relevant part: "For purposes of Section 187, malice may be express or implied. [¶] (1) Malice is express when there is manifested a deliberate intention to unlawfully take away the life of a fellow creature. [¶] (2) Malice is implied when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart. [¶] (3) Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*." (Italics added.)

4

While the amended statute expressly states that malice may not be imputed "solely" on the basis of a person's participation in a crime, it does not eliminate the concept of imputed or implied malice. The amendment of section 188 reflects "the Legislature's intent that '[a] person's culpability for murder . . . be premised upon that person's own actions and subjective mens rea.'" (*People v. Medrano* (2019) 42 Cal.App.5th 1001, 1009-1010, review granted Mar. 11, 2020, S238692.)

Again, Tidwell was convicted of two counts of murder on a theory of implied malice. (*Watson*, *supra*, 30 Cal.3d 290.) Malice was not imputed to Tidwell based solely on his participation in the crime, nor was it based on the actions of any other defendants. The jury's finding of implied malice was based solely on Tidwell's own actions and subjective mental state (a conscious disregard for human life). Thus, under section 1170.95, the trial court correctly found Tidwell to be ineligible for relief.


III

DISPOSITION

The judgment is affirmed.



MOORE, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.


5